UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA (EASTERN DIVISION)

| | |
|---|---|
| Christian Akouala,[1] | Civil No. 3:23-cv-0196 (NEB/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| USCIS Citizenship and Immigration, First Bank, Chex Systems, and Key Bank, | |
| Defendants. | |

This matter is before the Court on preliminary review of Plaintiff Christian Akouala's Complaint (ECF No. 4.) For the following reasons, the Court recommends dismissing this action as frivolous.[2]

Mr. Akouala commenced this action in October 2023 by filing his Complaint in the U.S. District Court for the District of North Dakota. (ECF No. 4.) The Complaint names four defendants: (1) "USCIS Citizenship and Immigration," which the Court construes as referring to U.S. Citizenship and Immigration Services; (2) "First Bank," which the Court construes as referring to the Colorado corporation FirstBank Inc.; (3) "Chex Systems," which the Court construes as referring to Chex Systems, Inc.; and (4) "Key Bank," which the Court construes as

---

[1] The Clerk of Court for the District of North Dakota docketed the Complaint under Plaintiff "Christion Akouala". Based on the Court's review of the filings in this case (*see, e.g.,* ECF No. 4 at 2; ECF No.10) and other cases (*see, e.g., United States v. Akouala*, 23-cr-00354 (NEB/DJF)), the correct spelling of Plaintiff's name appears to be "Christian Akouala".

[2] On March 19, 2024, the Honorable Steven M. Colloton, Chief Judge of the U.S. Court of Appeals for the Eighth Circuit, designated and assigned this matter to U.S. District Judge Nancy J. Brasel. (ECF No. 11.) On March 28, 2024, Judge Brasel appointed the undersigned to this case. (*See* ECF No. 12.)

referring to the Ohio corporation KeyBank Inc. (*See* ECF No. 4 at 1-2.[3]) The Complaint's substantive allegations are not entirely clear. Generally speaking, Mr. Akouala vaguely asserts various violations of his rights and his ability to use certain financial services. (*See id.* at 3-4.)

In lieu of paying a filing fee, Mr. Akouala sought permission to proceed *in forma pauperis* ("IFP") in this matter. (ECF No. 1.) U.S. Magistrate Judge Alice R. Senechal granted Mr. Akouala's request. (ECF No. 3.) Under the federal statute governing federal court matters proceeding IFP, however, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that … the action … is frivolous[.]" 28 U.S.C. § 1915(e)(2). A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*). "When a complaint lacks any allegations explaining what a given defendant did that creates legal liability, the complaint lacks an arguable basis in fact as to that defendant." *Swenson v. Hable*, No. 21-cv-1011 (SRN/HB), 2021 WL 34767200, at *2 (D. Minn. July 15, 2021) (citing cases), *report and recommendation adopted*, 2021 WL 3472694 (D. Minn. Aug. 6, 2021).

As presently pleaded, the Complaint is factually frivolous because it contains no specific factual allegations about any of the named Defendants. (*See* ECF No. 4 at 3-4.) Mr. Akouala makes only vague accusations against no specific Defendant. (*See id.*) The Court cannot determine which Defendant did what, or what cause of action each is supposedly responsible for. The Court therefore recommends dismissing this action without prejudice under 28 U.S.C. § 1915 as frivolous.

---

[3] For ease of reference the Court uses the CM/ECF pagination to cite documents.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Christian Akouala's Complaint (ECF No.[4]), be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) as frivolous.

Dated: April 11, 2024               *s/ Dulce J. Foster*
                                    DULCE J. FOSTER
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).